IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| WILLIAM N. ODOM, JR. | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 13-2354-STA-cgc |
| | ) | |
| PATRICK DONAHOE, Postmaster | ) | |
| General, United States Postal Service, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**ORDER ON MOTION TO DIRECT PLAINTIFF TO ISSUE PROPER SERVICE**
**ORDER ON MOTION FOR ENTRY OF DEFAULT**
_____

Before the Court, by way of Administrative Order 2013-05[1], are Defendant's Motion to Direct Plaintiff to Issue Proper Service and Plaintiff's Motion for Entry of Default. Based on the Motions, responses and the record in this cause, both motions are DENIED.

**I.  Background**

Plaintiff filed his *pro se* Complaint on May 28, 2013. (D.E. #1) On that same date, summons were issued as to the Attorney General of the United States, Patrick R. Donahoe, and Edward L. Stanton, III. (D.E. #2, 3, 4) On September 26, 2013, Defendant's Motion to Direct Plaintiff to Issue Proper Service was filed. (D.E. #5) Defendant states in his motion that, although a copy of the summons and complaint appeared to have been received by the Attorney General and the Postmaster General, a copy of the summons and complaint had not been received by the United States Attorney for the Western District of Tennessee and proof of

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation

service had not been filed as to any of the summons. Plaintiff filed a response to the motion on October 1, 2013 stating that his son served the three summons by certified first class U.S. Mail and attached as exhibits copies of the certified mail receipts and return receipts.

On October 3, 2013, Plaintiff filed his Motion for Entry of Default (D.E. #7) and attached his affidavit in support stating that service had been made on the Postmaster General on June 13, 2013, on the Attorney General on June 12, 2013 and on U.S. Attorney Stanton on June 7, 2013. Defendant filed his Answer to the Complaint on October 17, 2013. (D.E. #9)

## II.  Relevant Law

Fed. R. Civ. P. 4 governs the issuance and service of summons. Since the instant case involves the Postmaster General being sued in his official capacity, the Unites States must be served and a copy of the summons and complaint must be sent by registered or certified mail to the Postmaster General. Fed. R. Civ. P. 4(i)(2). To serve the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
> Fed. R. Civ. P. 4(i)(1)

Proof of service must be made to the Court by the server's affidavit. Fed. R. Civ. P. 4(l)(1). "Proof of service, in the form of the return of service, shall be filed within 7 days after service is effected." L.R. 4.1(e). Service may be made by any person who is at least 18 years old and not a

2

party. Fed. R. Civ. P. 4(c)(2). Fed. R. Civ. P. 12(a)(2) provides that an answer must be served by the United States of a United States employee sued in his official capacity within 60 days after service on the United States Attorney. Pursuant to Fed. R. Civ. P. 55(a), the clerk must enter a party's default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise."

**III. Discussion**

The motions under consideration must be denied as there is an abundant failure to abide by the Rules of Civil Procedure on both sides. Plaintiff has not provided proof of service in the manner prescribed by the Federal Rules of Civil Procedure nor within the time frame mandated by the Local Rules. While Plaintiff has provided his own affidavit stating when service was made, proof of service must be made by the <u>server's</u> affidavit. Plaintiff is not permitted to make service as he is a party to the case. If his son was responsible for service, then the proof of service must be by the son's affidavit. Therefore, there is no competent proof of service upon which default can be based.

With regard to the motion to issue proper service, it appears that the matter at hand is not that Plaintiff has not issued proper service but that he has not provided timely and proper proof of service. In his response to the Motion for Entry of Default, Defendant recites the dates and mechanisms by which the Postmaster General and the Attorney General were served which, if proper proof is provided to the Court, would comply with the requirements of Fed. R. Civ. P. 4(i).

## IV. Conclusion

Based on the foregoing, Defendant's Motion to Direct Plaintiff to Issue Proper Service and Plaintiff's Motion for Entry of Default are hereby DENIED

**IT IS SO ORDERED** this 25th day of August, 2014.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE