IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**WILLIAM N. ODOM, JR.**

      **Plaintiff,**

v.                                          Case 2:13-cv-02354-STA-cgc

**PATRICK DONAHOE, Postmaster
General, United States Postal Service,**

      **Defendant.**

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO
RESPOND TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND
GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Plaintiff's Motion to Compel Defendant to Respond to Plaintiff's Request for Production of Documents ("Motion to Compel") and Plaintiff's Motion for Extension of Time to Respond to Defendant's Motion for Summary Judgment ("Motion for Extension") (Docket Entries "D.E." #23 & #24).

The Court's initial Scheduling Order, which was entered on January 9, 2014, set the deadline for completing all discovery, including document production, on June 5, 2014 and the deadline for all dispositive motions on July 7, 2014. (D.E. #15). On June 9, 2014, Plaintiff filed an unopposed Motion to Amend Scheduling Order requesting sixty additional days to complete all discovery, to file dispositive motions, and to engage in alternative dispute resolution. (D.E. #18). On June 17, 2014, the Court entered an Order Granting Motion to Amend Scheduling Order setting the date to complete all discovery, including document production, on August 4, 2014 and setting the deadline

1

for filing dispositive motions on September 5, 2014. (D.E. #19).

On June 21, 2014, Plaintiff sent a copy of his Request for Production of Documents to Defendant. (Pl.'s Mot. to Compel at Exh. 1). On August 4, 2014, Defendant responded to Plaintiff's Request for Production of Documents with objections to twenty-five of the twenty-seven requests. (*Id*. at Exh. 2). On August 30, 2014, Plaintiff sent a letter to counsel for Defendant stating that he felt that Defendant failed to properly respond to Plaintiff's Request for Production of Documents and requesting "in good-faith to resolve the dispute without court action" (*Id*. at Exh. 3). In Plaintiff's August 30, 2014 letter, he further stated that he had tried previously to contact counsel for Defendant by telephone on August 5, 2014—the date on which he had received Defendant's Response to Plaintiff's Request for Production of Documents—and that he had sent a Reply to Defendant's Response on August 27, 2014. (*Id*.)

On September 4, 2014, Defendant filed its Motion for Summary Judgment. (D.E. #21). On September 5, 2014, counsel for Defendant sent Plaintiff a supplemental discovery response providing "the Leonard Brown Form 50" and advised that he would keep Plaintiff informed if and/or when he learns anything more about "the Jackie Anderson promotion." (Pl.'s Mot. to Compel at Exh. 4). Plaintiff filed his Motion to Compel on September 15, 2014. Although Local Rule 7.2(a)(2) requires a response to Plaintiff's motion to compel within fourteen days, Defendant has not filed a response to date.

The threshold issue presented by Plaintiff's Motion to Compel is whether it was timely filed. The Court's Scheduling Order addresses the timeliness requirement as follows:

> Motions to compel discovery are to be filed and served by the discovery deadline or within 30 days of the default or the service of the response, answer, or objection, which is the subject of the motion, if the default occurs within 30 days of the discovery deadline, unless the time for filing of such motion is extended for good

2

cause shown, or the objection to the response, answer, or objection is waived.

Upon review, Plaintiff's Motion to Compel was not filed within the discovery deadline of August 4, 2014, but this is not determinative of the issue because Defendant's Response to Plaintiff's Motion to Compel was filed on the discovery deadline, thereby giving Plaintiff an additional thirty days to file a motion to compel. However, the dispositive factor is that Plaintiff's Motion to Compel was ultimately not filed within thirty days of Defendant's Response to Plaintiff's Requests for Production of Documents. Plaintiff neither filed a motion for an extension of the thirty-day deadline, as permitted by the Scheduling Order, nor did the Court extend it for good cause shown. Finally, while Defendant did not respond to the Motion to Compel as required by Local Rule 7.2(a)(2), the Court will not construe the failure to respond as a waiver of Defendant's opposition to the timeliness of Plaintiff's Motion to Compel.

Accordingly, Plaintiff's Motion to Compel Defendant to Respond to Plaintiff's Request for Production of Documents is DENIED. Additionally, Plaintiff's Motion for Extension of Time to Respond to Defendant's Motion for Summary Judgment is GRANTED. Plaintiff shall be permitted fourteen days from the entry of this Order to respond to Defendant's Motion for Summary Judgment. If Plaintiff fails to timely respond to Defendant's Motion for Summary Judgment, the Court will proceed to consider Defendant's Motion for Summary Judgment on the merits.

**IT IS SO ORDERED** this 7th day of November, 2014.

s/ Charmiane G. Claxton  
CHARMIANE G. CLAXTON  
UNITED STATES MAGISTRATE JUDGE
