IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| WILLIAM N. ODOM, JR. | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-2354-STA-cgc |
| | ) | |
| PATRICK DONAHOE, Postmaster | ) | |
| General, United States Postal Service | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Before the Court is the Magistrate Judge's Report and Recommendation to Grant the Defendant's Motion for Summary Judgment, entered January 26, 2015. (ECF No. 39). The Plaintiff filed his objections on February 9, 2015 (ECF No. 40), to which the Defendant filed his response on February 10, 2015. (ECF No. 41). For the reasons stated below, the Court **ADOPTS** the Magistrate's Report and Recommendation to Grant the Defendant's Motion for Summary Judgment.

**PROCEDURAL BACKGROUND**

In his Complaint, the Plaintiff alleged employment discrimination in violation of Title VII and 42 U.S.C. § 1981. (Compl. ¶ 1, ECF No. 1). On September 4, 2014, the Defendant filed his Motion for Summary Judgment. (ECF No. 21). Two weeks later, the Plaintiff filed a Motion for Extension of Time to Respond to the Defendant's Motion. (ECF No. 24). On November 7, 2014, the Magistrate Judge granted the Plaintiff's Motion for Extension of Time and allowed the Plaintiff fourteen days from the entry of the order to file his response. (ECF No. 25). In that

order, the Magistrate advised, "[i]f Plaintiff fails to timely respond to Defendant's Motion for Summary Judgment, the Court will proceed to consider Defendant's Motion for Summary Judgment on the merits." (*Id.*). On November 20, 2014, the Plaintiff filed objections to a previous order of the Magistrate denying a motion to compel (ECF No. 29) and also requested that the Magistrate Judge defer issuing a report and recommendation on the summary-judgment motion until this Court ruled on his objections to the denial of the motion to compel. (ECF No. 27). On December 9, 2014, this Court affirmed the Magistrate Judge's ruling on the Plaintiff's motion to compel. (ECF No. 33). Two days later, the Magistrate Judge entered an order permitting the Plaintiff "up to and including December 31, 2014 in which to file his response" to the Defendant's Motion for Summary Judgment. (ECF No. 34). The Magistrate Judge explicitly advised the Plaintiff that "no further extensions will be permitted." (*Id.*). The Plaintiff filed no response.

On January 2, 2015, the Plaintiff filed an out-of-time motion for yet another extension to file his response. He also filed his late response without permission from the Court. (ECF Nos. 35, 37). The Defendant opposed the Plaintiff's motion for an extension of time. (ECF No. 37). On January 7, 2015, the Magistrate Judge denied the Plaintiff's late motion for a second extension, reasoning that the Plaintiff had failed to show excusable neglect. (ECF No. 38). In her order, the Magistrate Judge also concluded that the Plaintiff's Response failed to comply with both Federal Rule of Civil Procedure 56(c) and Local Rule 56.1(b). (*Id.*). Specifically, the Magistrate explained that the Plaintiff's Response did not include any support for the facts that he asserted and denied. (*Id.*). The Plaintiff had 14 days to object to the Magistrate's denial of his request for an extension of time. L.R. 72.1(g). Indeed, the Plaintiff had twice timely

2

objected to previous non-dispositive rulings of the Magistrate Judge, yet he chose not to object to the Magistrate's denial of his motion to extend. (*See* ECF Nos. 22, 29).

On January 26, 2015, the Magistrate Judge issued her Report and Recommendation to Grant Defendant's Motion for Summary Judgment. The Plaintiff timely filed his "objections," but those objections do not challenge any findings of fact or conclusions of law in the Magistrate's Report and Recommendation.

## **ANALYSIS**

This Court has the authority "accept, reject, or modify the recommended disposition" of the Magistrate Judge,[1] and it applies a de novo standard to "any part of the magistrate judge's disposition that has been properly objected to."[2] Here, the Plaintiff has not offered any objections to the Magistrate Judge's Report and Recommendation. Instead, he states that "he feels that all the actions taken by Magistrate Judge Claxton and this court are because he is acting Pro Se in the matter."[3] Then, the Plaintiff attempts to use his objections to argue the merits of the Magistrate Judge's denial of his late request for an extension of time: "The Magistrate Judge not using Plaintiff's Response to the Defendant's Motion for Summary Judgment unreasonably deprived Plaintiff of his ability to prove his claims of employement [sic] discrimination and amounted to an abuse of discretion."[4] In support of this conclusion, the Plaintiff argues that he was unable to file his response to the Defendant's Motion for Summary

---

[1] 28 U.S.C. § 636(b)(1)(B).

[2] Fed R. Civ. P. 72(b)(3).

[3] Pl.'s Objs. 4, ECF No. 40.

[4] *Id.* at 5.

Judgment because of numerous family engagements during the holiday season.[5] He also reargues his position on the Magistrate's order denying Plaintiff's motion to compel, which the Plaintiff objected to and this Court affirmed on December 9, 2014. These are not objections to the Magistrate's findings of fact and conclusions of law on the Defendant's Motion for Summary Judgment.

Thus, having reviewed the Magistrate's Report and Recommendation de novo, the parties' briefs, and the entire record of the proceeding, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation. The Defendant's Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: April 17, 2015.

---

[5] *Id.*